IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS**, | : | CIVIL ACTION NO. 1:12-CV-1539 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **CHARLIE BRINICH**, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Robbie Thomas ("plaintiff"), an inmate formerly housed at the State Correctional Institution at Mahanoy ("SCI-Mahanoy), Frackville, Pennsylvania, at all times material, commenced this civil rights action on August 8, 2012.  (Doc. 1.) Before the court is a motion (Doc. 28) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendant David H. Anher, D.O.[1]  For the reasons set forth below, the motion to dismiss will be granted.

I.   **Allegations of the Complaint**

Plaintiff alleges that in 2011, defendant Ahner retaliated against him by discontinuing his medication and ordering others to create a stressful prison environment.  (Doc. 1, at 4.)  He also asserts that defendant Ahner took part in psychological torture.  (Id. at 8.)

---

[1] Defendant Ahner is incorrectly identified in the complaint as "Honor." (Doc. 1, at 2.)

## II.  Rule 12 (b)(6) Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as

true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III.  Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Defendant Ahner seeks dismissal of the complaint based on plaintiff's failure to raise the complaint against him in the prison's administrative review process prior to proceeding to federal court. Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The Third Circuit has made it quite clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis, 204 F.3d at 73 (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp.2d 884, 894-95 (S.D.N.Y.1998).

The standard by which the court measures the exhaustion requirement is whether the prisoner has complied with applicable grievance procedures and rules. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only

technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. Spruill, 372 F.3d at 227-32; see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

The Pennsylvania Department of Corrections ("DOC") Inmate Grievance System Policy, which has been in effect since December 8, 2010, consists of a three-step Inmate Grievance System to provide inmates with an avenue to seek review of problems that may arise during the course of confinement. Pursuant to DC–ADM 804, after an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. "The text of the grievance must be legible, understandable, and presented in a courteous manner. The inmate must include a statement of the facts relevant to the claim. The statement of facts shall include the date, approximate time and location of the event(s) that gave rise to the grievance. The inmate shall identify individuals directly involved in the event(s)." DC-ADM 804, § 1 (A) (11). Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals. An appeal to

final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue. See Booth, 206 F.3d at 293 n. 2 (outlining Pennsylvania's grievance review process); Ingram v. SCI Camp Hill, 448 F. App'x 275, 279 (3d Cir. 2011) (same).

Defendant Ahner seeks to dismiss the complaint based on plaintiff's failure to exhaust available administrative review procedures. Specifically, he argues that plaintiff fails to allege that he has filed any grievances concerning defendant Ahner's conduct. (Doc. 29, at 15.) As noted above, the standard used in determining whether a prisoner has exhausted the administrative process is whether he complied with the applicable grievance procedures and rules. The relevant policy and the pertinent language states that "[t]he inmate shall identify individuals directly involved in the event(s)." DC-ADM 804, §1(A)(11). The Spruill Court found that a similar provision in the earlier version of DC-ADM 804[2], required an inmate to name the individuals in the grievance against whom the inmate eventually brings suit. As explained in Spruill, "[t]he purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Spruill, 372 F.3d at 234. The current version is even more compelling given the inclusion of the phrase "shall identify." Although plaintiff

---

[2] The earlier version stated that "[t]he inmate shall include a statement of facts relevant to the claim. . . .  The inmate should identify any persons who may have information that could be helpful in resolving the grievance." DC-ADM 804 § VI(A)(1)(g) (effective date May 1, 2002)

filed an opposition brief (Doc. 30), with attached exhibits, he has not disputed his failure to utilize the DOC's Inmate Grievance System with respect to this defendant.  Consequently, defendant Ahner's motion to dismiss will be granted.[3]

## IV. Conclusion

For the reasons set forth above, defendant Ahner's motion (Doc. 28) to dismiss will be granted.  An appropriate Order will issue.

                                          /S/ CHRISTOPHER C. CONNER
                                          Christopher C. Conner, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania

Dated:        March 5, 2014

---

[3] A district court "should freely give leave [to amend] when justice so requires." FED.R.CIV.P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).  Because plaintiff cannot overcome the failure to exhaust administrative remedies, leave to amend with respect to defendant Ahner would be futile.