IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS**, | : | CIVIL ACTION NO. 1:12-CV-1539 |
| Plaintiff | : | Chief Judge Conner |
| v. | : | |
| **CHARLIE BRINICH**, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Robbie Thomas ("plaintiff"), an inmate formerly housed at the State Correctional Institution at Mahanoy ("SCI-Mahanoy), Frackville, Pennsylvania, at all times material, commenced this civil rights action on August 8, 2012. (Doc. 1.) Before the court is a motion (Doc. 24) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Charlie Brinich ("Brinich"), Major Vuksta ("Vuksta"), Corrections Officer Smith ("Smith"), Unit Manager Murick ("Murick"), Ricky White ("White"), Waters, Lieutenant Yankle ("Yankle"), Captain Gavin ("Gavin"), and Nevis.  For the reasons set forth below, the motion to dismiss will be granted and the complaint will be dismissed in its entirety.

**I.**     **Rule 12 (b)(6) Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

Plaintiff alleges that he was retaliated against for "once filing a state civil action" by being placed in the restricted housing unit ("RHU") for approximately two years while he was incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). (Doc. 1, at 3.) He asserts that the retaliation continued when he was transferred to SCI-Mahanoy in 2011, and placed in the RHU for approximately eighteen months. (Id.) Upon his release from the RHU, Smith, formerly a corrections officer, "acting for Cap. Gavin, Lt. Yankle in security" issued plaintiff a "bogus write-up" which "put [him] back in the 'RHU'." (Id.) Thereafter, he was continuously subjected to retaliation. For instance, he alleges that defendants White and Waters sexually harassed him. (Id. at 3-4) Defendant Murick verbally harassed him. (Id. at 4.) Defendant Vuksta took his legal mail and "join[ed] hands with and for others to retaliate" to keep him in the RHU. (Id.) Defendant Nevis, "working in total conjunction with others to form and carry out the continued conspiracy to retaliate against [him] for utilizing a Constitutional right against the Department of Corrections for what is and have come about against the DOC" refused to issue stationary needed to access the courts. (Id.) Defendant Nevis also ordered that he work a state prison job, despite being injured. (Id.) Defendant Brinich "moving to carry out [his] form of retaliations"

3

discontinued a needed psychological medication and directed others to create a stressful prison environment. (Id.) He concludes in the "Relief" section of his complaint that "[b]ased on the continued acts of 'retaliations' and all being personally involved, a federal court trial is of actual need. . . ." (Doc. 1, at 5.)

## III.   Background

This Court is intimately familiar with the underlying claim of retaliation set forth in the instant complaint as it has been fully considered and finally rejected in two prior actions filed by plaintiff. In both actions, plaintiff alleged that the named defendants engaged in retaliation in response to his 2001 state court civil personal injury action that he settled against SCI- Huntingdon medical personnel Farrohk Mohadjerin, M.D., Roger Kimber, M.D., Charles Reiner, M.D., Luis Araneda, M.D., Scott Shumaker, M.D., James Hardesty, M.D., and Winfried Berger, M.D. in 2003. Thomas v. McCoy, 467 F. App'x 94, 96 (3d Cir. 2012).

In the matter of Thomas v. McCoy, No. 1:10-CV-1089, plaintiff filed a complaint against a number of defendants, including Murick, Smith, and Gavin, that alleged he was placed in the RHU and issued false misconduct reports in retaliation for his pursuit of the state court personal injury lawsuit he filed against SCI-Huntingdon personnel in 2001. He also alleged a due process claim. The due process claim was initially dismissed and plaintiff was afforded the opportunity to amend the retaliation claim. Thomas v. McCoy, No. 1:10-CV-1089, 2011 WL 4401977 (M.D. Pa. June 8, 2011). He filed an amended complaint which defendants moved to dismiss. Defendants' motion was granted because plaintiff failed to allege sufficient

personal involvement and to demonstrate a causal link between the defendants and the state court lawsuit; the amended complaint was dismissed in its entirety. Thomas v. McCoy, No. 1:10-CV-1089, 2011 WL 2292284 (M.D. Pa. Sept. 22, 2011). On appeal the United States Court of Appeals for the Third Circuit affirmed the dismissal stating as follows:

> None of the defendants in the previous lawsuit is involved in the current civil rights action, nor has Thomas alleged any relationship between the defendants involved in the previous state court lawsuit and the current action. Further, the misconduct reports provided by Thomas himself demonstrate that the misconduct reports were not motivated by retaliatory motives, but rather by security concerns for the SCI Huntingdon staff. Thus, Thomas failed to allege facts in his complaint that raise the inference that his previous state court lawsuit was "a substantial or motivating factor" in the defendants' decision to issue him false misconduct reports or improperly place him in the RHU without a misconduct report. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Thomas v. McCoy, 467 F. App'x 94, 96-97 (3d Cir. 2012). Dismissal of the due process claim was also affirmed. Id. at 97. Plaintiff then appealed the matter to the United States Supreme Court, which denied certiorari. Thomas v. McCoy, — U.S. —, 132 S.Ct. 2752 (U.S. 2012).

In Thomas v. Vuksta, No. 1:11-CV-1089, plaintiff alleged that Vuksta, Smith, Murick, and Brinich subjected him to retaliation in response to his 2001 state court civil personal injury action. Following service, defendants moved to dismiss the complaint. The motion was granted but plaintiff was afforded the opportunity to amend his retaliation claims to include allegations demonstrating defendants'

personal involvement in, and the existence of, a causal link between the alleged protected activity and adverse action. Thomas v. Vuksta, No. 1:11-CV-1089, 2011 WL 5984019 (M.D. Pa. Nov. 29, 2011). Plaintiff filed an amended complaint, which was subsequently dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Thomas v. Vuksta, No. 1:11-CV-1089, 2012 WL 1902551 (M.D.Pa. May 25, 2012). On July 27, 2012, the Third Circuit affirmed the dismissal on appeal finding that plaintiff "fail[ed] to allege that any of defendants' actions were linked to Thomas's having exercised his constitutional rights." Thomas v. Vuksta, 481 F. App'x 33, 34 (3d Cir. 2012). Plaintiff filed the instant action on August 8, 2012, again alleging defendants engaged in retaliation in response to his 2001 state court civil personal injury action that he settled against SCI Huntingdon medical personnel.

**IV. Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege

"the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

With respect to the first and second Rauser prongs, "[a]lthough the elements of a First Amendment retaliation claim remain constant, the underlying concepts that they signify will vary with the setting—whether activity is 'protected' or an action is 'adverse' will depend on context. Standing in his cell in a prison, an inmate is quite limited in what he can say; his government jailor can impose speech-limiting regulations that are 'reasonably related to legitimate penological interests.' Turner v. Safley, 482 U.S. 78, 89 (1987). The fact that certain conduct of

the plaintiff must be 'protected' in order to state a claim does not change with the setting—what changes is the type of conduct deemed protected in that particular setting." Thaddeus-X v. Blatter, 175 F.3d 378, 388 (6th Cir. 1999). The fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates. See Pell v. Procunier, 417 U.S. 817, 822-23 (1974). Thus, a prison inmate "retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Id. at 822.

Plaintiff's allegation that he was retaliated against because he pursued litigation against DOC personnel implicates conduct protected by the First Amendment sufficient to satisfy the first prong of the Rauser test. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). As to the second prong, plaintiff alleges that he suffered adverse action in the form of being placed in the RHU and charged with a false misconduct at the hands of defendants Smith, Gavin, Yankle, Vuksta and

Nevis.[1] Because the time he spent in the RHU as a result of the alleged retaliatory conduct could deter a reasonably firm prisoner from exercising his First Amendment rights, the adverse action prong is satisfied with respect to defendants Smith, Gavin, Yankle, Vuksta and Nevis.

Plaintiff alleges that defendant Brinich took adverse action against him when he discontinued a "needed medication" and directed others to create a stressful prison environment. A delay in providing, or denial of, medical treatment constitutes adverse action for purposes of a retaliation claim. See Trautman v. County of Allegheny, No. 06–1037, 2009 WL 3030215, at *10 (W.D.Pa. Sept.17, 2009) (stating that "[A] delay or denial of medical treatment would likely deter an individual from making complaints or exercising his or her free speech rights[.]"); see also Cooper v. Diggs, No. 07–1557, 2009 WL 1838335, at *4 (W.D. Pa. June 24, 2009) (stating that "[s]urely the delay of arguably necessary medical treatment . . . based upon a desire to retaliate against Plaintiff for filing grievances . . . qualifies as an "adverse action" and is sufficient to state a retaliation claim even under

---

[1] Plaintiff also alleges that defendant Vuksta took his legal mail and gave it to defendant Murick. (Doc. 1, at 4.) Inmates have a liberty interest in their mail under the First and Fourteenth Amendments and their ability to send and receive mail may be restricted only for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). However, a single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation. See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996); see also, Morgan v. Montayne, 516 F.2d 1367 (2d Cir. 1975). Defendant Vuksta's interference with plaintiff's mail on a single occasion does not rise to the level of protected conduct.

Twombly."); see Cortlessa v. County of Chester, No. 04–1039, 2005 WL 2789178, at *6 (E.D. Pa. Oct.26, 2005).  This prong is satisfied with respect to defendant Brinich.

Conversely, as concerns the verbal harassment claims lodged against defendants White, Waters and Murick, general verbal harassment and antagonizing do not constitute an actionable adverse action.  See Marten v. Hunt, 479 F. App'x 436 (3d Cir. 2012); Frazier v. Daniels, No. 09-2316, 2010 WL 2040763, at * 11 (E.D. Pa. May 20, 2010); Burgos v. Canino, 641 F. Supp.2d 443, 456 (E.D. Pa. 2009).  Therefore, the complaint against defendants White, Waters and Murick is subject to dismissal.

Likewise, plaintiff's allegation that defendant Nevis deprived him of stationery, which prevented him from contacting the Courts, does not constitute adverse action.  A First Amendment denial of access to the court cause of action is stated by alleging that a particular defendant: 1) interfered with; 2) a nonfrivolous attack on conditions of confinement, or the defense against a criminal charge, a direct appeal from or collateral attack on a criminal conviction, or a habeas corpus petition.  See Lewis v. Casey. 518 U.S. 343, 353 n. 3 and 355 (1996); Bounds v. Smith, 430 U.S. 817 (1977).  Importantly, as the Supreme Court made clear in Lewis v. Casey, a plaintiff must also allege and demonstrate actual injury.  In other words, the inmate must aver some legal loss.  In failing to allege actual injury or some legal loss, plaintiff fails demonstrate that defendant Nevis' conduct imposed a substantial impact on him.  See Gill v. Tuttle, 93 Fed. App'x 301, 303–04 (2d Cir. 2004) (finding

that to establish a retaliation claim, inmate must allege adverse action that imposes a substantial impact on inmate).

The Court now considers the third prong of the Rauser test as applied to defendants Smith, Gavin, Yankle, Vuksta, Nevis, and Brinich.  This element requires a determination of whether there is a causal connection between the exercise of the constitutional right and the adverse action.  The plaintiff must show that the protected activity was a substantial or motivating factor in the state actor's decision to take the adverse action.  This "motivation" factor may be established by alleging a chronology of events from which retaliation plausibly may be inferred. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Goff v. Burton, 91 F.3d 1188 (8th Cir.1996); Pride v. Peters, 72 F.3d 132 (Table) (7th Cir.1995).  It is plaintiff's burden to prove that defendants were motivated by retaliation.  Hannon v. Speck, No. 87–3212, 1988 WL 131367, at *4 (E.D.Pa. Dec. 6, 1988) ("In bringing a § 1983 action alleging such retaliation, an inmate faces a substantial burden in attempting to prove that the actual motivating factor . . . was as he alleged.") (internal quotes and citation omitted).  Where the prisoner seeks to establish this causal link based upon the temporal proximity between the protected conduct and the alleged retaliatory act, "the timing of the alleged retaliatory action must be unusually suggestive before a causal link will be inferred."  Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir.1997); Rauser, 241 F.3d at 334; see also Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir.2003) (concluding that the temporal

proximity, nearly six months, is not unduly suggestive and does not sufficiently establish any causal link).

Although plaintiff alleges that defendants Smith, Gavin, Yankle, Vuksta, Nevis, and Brinich were personally involved in the adverse action he suffered, he fails to establish a causal link between his personal injury case, which was settled approximately eleven years prior to the commencement of this action, and the alleged retaliatory conduct.  None of the defendants in the state court civil action is involved in the current civil rights action, and plaintiff has failed to allege any relationship between those defendants and the defendants named in the current action.  Consequently, he has failed to set forth facts that raise the inference that his previous state court lawsuit was a substantial or motivating factor in placement in the RHU, denial of medication, or any other adverse action taken against him.[2]

---

[2] Significantly, even if the conduct of defendants Vutska, White, Waters, and Nevis that was found not to be adverse, did, actually constitute adverse action, the complaint would still be subject to dismissal based on plaintiff's failure to demonstrate that his previous state court lawsuit was a substantial or motivating factor in any of the adverse action taken against him.

Consequently, the motion will be granted as to defendants Smith, Gavin, Yankle, Vuksta, Nevis, and Brinich.[3]

## V.    Conclusion

For the reasons set forth above, defendants' motion (Doc. 24) to dismiss will be granted.  An appropriate Order will issue.


      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:         March 12, 2014

---

[3] A district court "should freely give leave [to amend] when justice so requires." FED.R.CIV.P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). This is plaintiff's third civil action alleging that he was retaliated against as a result of his state court civil lawsuit.  To date, plaintiff has been unable to articulate any causal link between the alleged retaliatory conduct and the state court civil lawsuit. Under the circumstances, allowing plaintiff the opportunity to amend would be futile.